FILED

JUL X 9 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION | Case No. CR 14-90532 MISC NC<br><br>**ORDER RE: UNDER SEAL APPLICATION** |
|---|---|

The United States Attorney for the Northern District of California has submitted a letter brief dated June 26, 2014, in support of under seal applications under 18 U.S.C. §§ 2703(c), 2703(d), 3122, and 3123 in a criminal investigation. The Court is informed by Assistant U.S. Attorney Damali A. Taylor that the government has no objection to the brief being filed publicly. The applications and proposed orders are filed under seal.

Accordingly, I order that the Clerk of Court file the June 26 brief as a miscellaneous criminal matter available publicly in ECF. A copy of this order and the brief must be provided to the government and to the Federal Public Defender for the Northern District of California. If the Public Defender wishes to respond to the arguments made in the brief, he must do so by July 28, 2014. The central legal question presented is whether the government may obtain historical cell site information under 18

U.S.C. § 2703(d) without showing probable cause. *See United States v. Davis*, 2014 WL 2599917 (11th Cir. June 11, 2014).

Dated: July 9, 2014

NATHANAEL M. COUSINS  
United States Magistrate Judge



United States Attorney
Northern District of California

11ᵗʰ Floor, Federal Building
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102-3495

(415)436-7200
FAX: (415) 436-7234

June 26, 2014

Magistrate Judge Nathanael Cousins
Room 15-5328
United States Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

Dear Judge Cousins:

Our understanding is that you have declined to authorize the government to obtain historical cell site records from a cell phone provider under the provisions of 18 U.S.C. § 2703(d) until the government provided you with a brief explaining why it believes that *United States v. Davis*, 2014 WL 2599917 (11th Cir. June 11, 2014), was incorrectly decided. The following letter brief responds to your request.

**Orders under 18 U.S.C. § 2703(d) and Historical Cell Site Information**

Historical cell site information consists of records of a provider of cell phone service as to the cell tower and segment a particular cell phone used when making a particular call at a specific time. Because the cell phone tower used by a cell phone is usually the closest tower to the cell phone, historical cell site information ordinarily gives an approximate location for a cell phone if the cell phone is in use. Historical cell site information does not provide a precise location for the cell phone at issue. As a general matter, cell phone providers compile historical cell site information for the beginning and end of a call, and, accordingly, if a cell phone relies on several cell towers during the course of a call, historical cell site information may not capture approximate location information for the cell phone throughout the call. Cell phone providers maintain cell site information for their own purposes, including billing and advertising, and not because the government mandates the compilation of such information; no federal law requires a company to create or keep historical cell site records. Cell site information does not include the content of any communication.

Under 18 U.S.C. § 2703(c)(1), the United States may require a provider of electronic communication service to disclose "a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications)" when it obtains a § 2703(d) order. Under § 2703(d), a court may issue an order for "a record or other information pertaining to a subscriber to or customer" of "a provider of electronic communication service or remote computing company" if the government provides to the court "specific and articulable facts showing that there are reasonable grounds to believe that…the records or other information sought, are relevant and material to an ongoing criminal investigation."

For many years, the government in this District has submitted applications under § 2703(d), usually in combination with a request for a pen register/trap and trace authority, to obtain historical cell site information. Magistrate judges in this district have signed § 2703(d) orders authorizing a cell phone company to provide historical cell site information without requiring the government to show probable cause. In addition, Judge Alsup has found that a cell phone user has no reasonable expectation of privacy in the location of his cell phone. *United States v. Velasquez*, 2010 WL 4286276, at *5 (N.D. Cal. Oct. 22, 2010).

**The Eleventh Circuit's Decision in *U.S. v. Davis***

On June 11, 2014, a panel of the Eleventh Circuit held that § 2703(d) violates the Fourth Amendment and that the Fourth Amendment required the government to present probable cause to obtain an order directing a cell phone company to provide historical cell site information. *United States v. Davis*, 2014 WL 2599917, at *3-*10. The panel found that it should examine this question in light of *United States v. Jones*, 132 S. Ct. 945 (2012), which held that the government violates the Fourth Amendment when it installs a GPS tracking device on a vehicle. Although the *Davis* court conceded that *Jones* was "distinguishable," it found it to be "the most relevant Supreme Court precedent" because *Jones* also dealt with technology that allowed the government to obtain location information. *Davis*, 2014 WL 2599917, at *4.

The *Davis* court reasoned that a cell phone user had a reasonable expectation of privacy in the location of his or her cell phone. *See id.* at *8. It rejected the government's argument that the cell phone user had no right to privacy because his cell phone shared its location with the cell phone company in order to make the call. In particular, the court held that the third-party doctrine announced by the Supreme Court in *United States v. Miller*, 425 U.S. 443 (1976), and *Smith v. Maryland*, 442 U.S. 735 (1979), was inapplicable to historical cell phone location information because the cell phone user did not voluntarily and knowingly convey the cell phone's location to the cell phone company. *Id.* at *9-*10.

The court acknowledged that the Fifth Circuit in a post-*Jones* decision, *In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600 (5th Cir. 2013) (*In re Application*), had recently found no Fourth Amendment violation in § 2703(d) orders to produce historical cell site location information. Similarly, the *Davis* court noted that prior to *Jones*, the Third Circuit had held in *In the Matter of the Application of the U.S. for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government*, 620 F.3d 304, 313 (3d Cir. 2010) (*In the Matter of Application of the U.S.*), that the government need not show probable cause to obtain historical cell site information. The *Davis* court held, however, that it

2

would not "review the reasoning" of the Third and Fifth Circuits "given the context of the cases is different." *Davis*, 2014 WL 2599917, at *4.

In *Davis*, although the panel found a § 2703(d) order based on less than probable cause violated the Fourth Amendment, it did not suppress the historical cell site information introduced at Davis's trial. Instead, the court found that the good faith exception to the exclusionary rule applied because the government had relied on an order from a magistrate judge allowing the government to obtain historical cell site information. *Davis*, 2014 WL 2599917 at *10-*11. The government is currently reviewing the decision to determine whether it should seek further review by the en banc Eleventh Circuit or the Supreme Court.

**Historical Cell Site Orders under 18 U.S.C. § 2703(d) Do Not Violate the Fourth Amendment**

As the Fifth Circuit has directly held, the Fourth Amendment does not require the government to show probable cause before obtaining historical cell site information from a cell phone provider, because the cell phone user has no expectation of privacy in information that is conveyed when a call is made or received and kept by the cell phone provider for business reasons. *In re Application*, 724 F.3d at 608-15. Instead, an order under § 2703(d) is sufficient, and the Eleventh Circuit erred by holding otherwise. In addition, because a historical cell site record is a business record generated and stored by a cell phone company at the company's own discretion, it does not implicate the Fourth Amendment and instead is subject to only the reasonableness requirements applicable to compulsory process.

   a. *A cell phone customer has no reasonable expectation of privacy in historical cell site records.*

In *United States v. Miller*, the Supreme Court rejected a Fourth Amendment challenge to a third-party subpoena for bank records, explaining that the bank's records are business records of the bank, not private papers of the customer, and that the customer "can assert neither ownership nor possession" in the records. *Miller*, 425 U.S. at 440. In rejecting the challenge to the subpoena, the Court held that "the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Governmental authorities, even if the information is revealed on the assumption that it will be used for a limited purpose and the confidence placed in the third party will not be betrayed." *Id.* at 443.

The reasoning of *Miller* applies to historical cell site records. First, cell site records are not a customer's private papers. Once a customer places a call, the customer has no control over cell site records relating to the customer's phone. Moreover, the customer knows that the call is going through one or more cell towers owned by a third party. Second, cell site records are business records of the provider. The choice to create and store historical cell site records is made by the provider, and the provider controls the format, content, and duration of the records it chooses to create and retain. By contrast, customers ordinarily do not create or retain records of cell phone calls. Third, cell site records pertain to transactions to which the cell phone provider was a party. It is not possible to make a call without a cell phone tower, and the cell phone company assigns the cell tower or towers to each call to facilitate the functioning of its network.

3

*Smith v. Maryland* confirms the conclusion that cell phone users have no expectation of privacy in historical cell site records. In *Smith*, the telephone company installed a pen register at the request of the police to record numbers dialed from defendant's telephone. The Supreme Court held that telephone users had no expectation of privacy in dialed telephone numbers and that any such expectation of privacy is not one that society is prepared to recognize as reasonable. 442 U.S. at 742-44. The Court found that telephone users did not have an expectation of privacy even though the caller did not necessarily know what happened to a call after it was dialed. Similarly, cell phone users usually understand that they must send a signal and that it is received by a cell company's cell tower when the company routs the call to its intended recipient, but they may not know that the cell phone provider uses cell towers and compiles information about the calls made and received. Accordingly, like the dialer of a telephone in *Smith*, a cell phone user voluntarily transmits a signal to a cell tower. *See United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) (e-mail users have no reasonable expectation of privacy in to/from addresses of their messages or in IP addresses of websites visited); *United States v. Velasquez*, 2010 WL 4286276, at *5 (N.D. Cal. Oct. 22, 2010) (denying motion to suppress historical cell site data). The majority of courts that have ruled after the Supreme Court's decision in *United States v. Jones*, 132 S. Ct. 945 (2012), have likewise found that a cell phone user has no expectation of privacy in the cell phone's location. *See United States v. Moreno–Nevarez*, 2013 WL 5631017, at *2 (S.D. Cal. Oct. 2, 2013); *United States v. Salas*, 2013 WL 4459858, at *3 (E.D. Cal. Aug. 16, 2013); *In re Smartphone Geolocation Data Application*, 2013 WL 5583711, at *14 (E.D.N.Y. May 1, 2013); *United States v. Rigmaiden*, 2013 WL 1932800, at *8 (D. Ariz. May 8, 2013); *United States v. Ruby*, 2013 WL 544888, at *6 (S.D. Cal. Feb. 12, 2013); *United States v. Graham*, 846 F. Supp. 2d 384, 387 (D. Md. 2012); *In re Application of U.S.*, 849 F. Supp. 2d 177, 177-79 (D. Mass. 2012). *But see In re U.S. Application for the Release of Historical Cell-Site Information*, 809 F. Supp. 2d 113 (E.D.N.Y. 2011) (pre-*Jones* decision holding that a warrant is required to compel disclosure of historical cell site records).

It is incorrect that, as the Eleventh Circuit held, a cell phone user does not "voluntarily convey" cell site information to the service provider. A cell phone customer's use of a cell phone is completely voluntary. Moreover, *Smith* evaluated the information voluntarily disclosed to the phone company from the standpoint of a knowledgeable telephone user. The Court reasoned that based on a telephone book statement that the phone company could help identify "the origin of unwelcome or troublesome calls," customers "typically know" many of the facts revealed by use of pen registers. *Smith*, 442 U.S. at 742-43. Today, cell phone companies provide far more explicit notice to customers that they collect customers' location information. All of the major cell phone companies inform cell phone customers that the cell phone company will collect location information from customers and provide it to law enforcement to comply with court orders. For example, in the matter that led to the submission of this letter brief, the government sought to obtain cell site information from ATT and T-Mobile. The ATT privacy policy informs customers, both in the policy and in frequently asked questions about the policy, that ATT will collect location information about "where your wireless device is located." http://www.att.com/Common/about_us/privacy_policy/print_policy.html; *see* http://www.att.com/gen/privacy-policy?pid=13692#menu (stating in frequently asked questions about its privacy policy that ATT collects "the whereabouts of your wireless device"); *see also*

4

http://www.t-mobile.com//company/website/privacypolicy.aspx (noting that T-Mobile may collect location information and share it with law enforcement in response to legal process). Under the reasoning of *Smith*, customers voluntarily disclose cell site records in light of these policies. The Eleventh Circuit did not acknowledge the existence of these privacy policies.

As the Fifth Circuit held, when an individual shares information with a third party, "'[h]e cannot expect that these activities are a private affair.'" *In re Application*, 724 F.3d at 610 (quoting *Reporters Comm. for Freedom of the Press v. Am. Tel. & Tel. Co.*, 593 F.2d 1030, 1043 (D.C. Cir. 1978)). Nor does a customer have a right to control the information after it is conveyed to the cell phone company; instead, that information becomes a record of the cell phone company. *Id.* at 611. Here, because customers know, or are on notice, that cell phone companies must obtain their location information to connect cell phone calls, they voluntarily convey location information to cell phone companies. *See In re Application*, 724 F.3d at 614.

b. *Cell site records constitute business records subject to compulsory process.*

A second reason that the Eleventh Circuit erred is that a historical cell site record "is clearly a business record" of the cell phone provider. *In re Application*, 724 F.3d at 612. As the Fifth Circuit explained, "[t]he cell service provider collects and stores historical cell site data for its own business purposes, perhaps to monitor or optimize service on its network or to accurately bill its customers for the segments of its network that they use." *Id.* at 611-12; *see United States v. Jones*, 132 S. Ct. at 961 (Alito J., concurring) (government has not "required or persuaded" providers to keep historical cell site records). In short, "these are the providers' own records of transactions to which it is a party." *In re Application*, 724 F.3d at 612; *see also United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 116 (9th Cir. 2012) (upholding subpoena for power company records and stating that "[a] customer ordinarily lacks 'a reasonable expectation of privacy in an item,' like a business record, 'in which he has no possessory or ownership interest'").

Business records ordinarily may be obtained by a subpoena. In fact, the Supreme Court has never held that the government must obtain a warrant to obtain information from a third party holding it as a business record. Like a subpoena, a § 2703(d) order compels the recipient to produce specific information; the recipient may move to quash, and the order remains at all times under the supervision of the issuing court. Therefore, a § 2703(d) order is, like a subpoena, a form of compulsory process.

The Fourth Amendment sets a reasonableness standard for compulsory process; it requires probable cause only for a warrant. As the Supreme Court has held, the Fourth Amendment, "if applicable [to a subpoena], at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described.'...The gist of the protection is the requirement, expressed in terms, that the disclosure shall not be unreasonable." *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208 (1946); *see Golden Valley Elec. Ass'n*, 689 F.3d at 1115-16. Because subpoenas are subject only to a reasonableness requirement, the Eleventh Circuit erred in imposing a probable cause requirement for compelled disclosure of historical cell site records.

5

Finally, the government's ability to subpoena business records collected by a business at its own discretion is not limited to records "voluntarily disclosed" to the business. The subpoena power is grounded in the long-standing principle that the government has the right to every witness's non-privileged testimony. *See Branzburg v. Hayes*, 408 U.S. 665, 688 (1972). When a company acting on its own discretion chooses to store business records that later prove relevant to a criminal investigation, it essentially functions as a witness, and no warrant is required to obtain information from a witness.

It is true that in *Miller* and *Smith*, the Supreme Court considered whether the information obtained by the government was voluntarily disclosed to the businesses, but both of those cases involved information collected or maintained at the behest of the government. In *Miller*, the government issued subpoenas for records that a third-party bank was required to keep pursuant to federal law. *See* 425 U.S. at 436, 441. Similarly, the phone company in *Smith* installed a pen register "at police request," and the resulting records generated information about local calls that would not ordinarily have been preserved under then-prevailing billing practices. *See* 442 U.S. at 745. In other business records cases in which the records were collected at the business's discretion, the Supreme Court has not considered whether the information was voluntarily disclosed. *See, e.g., SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 744 n.11 (1984) (noting that "any Fourth Amendment claims that might be asserted by respondents are substantially weaker than those of the bank customer in *Miller* because respondents, unlike the customer, cannot argue that the subpoena recipients were required by law to keep the records in question"); *Donaldson v. United States*, 400 U.S. 517, 522-23 (1971) (holding that taxpayer was not entitled to intervene in proceeding to enforce summons for his employment records and stating "what is sought here by the Internal Revenue Service . . . is the production of Acme's records and not the records of the taxpayer"). Because cell site records are collected and stored at the discretion of the cell phone company, their compelled disclosure is analyzed for Fourth Amendment pursuant to the reasonableness standard applicable to subpoenas.

c. *The Eleventh Circuit misread the concurrence in* Jones.

In *United States v. Jones*, the Court held that the placement of a GPS tracking device on an automobile violated the Fourth Amendment because it constituted a trespass on the vehicle owner's effects. Justice Alito, joined by three other Justices, concurred in the judgment, but argued that the month-long monitoring of the defendant's location violated the Fourth Amendment because it constituted an improper invasion of privacy. *Jones*, 132 S. Ct. 957-64 (Alito, J., concurring). In *Davis*, the panel relied in part on Justice Alito's concurrence in support of its conclusion that the defendant had a reasonable expectation of privacy in the location of the defendant's cell phone. *See Davis*, 2014 WL 2599917, at *8. Justice Alito's concurrence addresses monitoring by the government, however; nothing in it limits the scope of information the United States may obtain from a witness.

Moreover, Justice Alito's concurring opinion actually supports of the lawfulness of obtaining historical cell site records with a § 2703(d) order. The Alito concurrence favors deference to Congress in resolving privacy issues involving modern technology: "In circumstances involving dramatic technological change, the best solution to privacy concerns may be legislative....A legislative body is well situated to gauge changing public attitudes, to

6

draw detailed lines, and to balance privacy and public safety in a comprehensive way." *Jones*, 132 S. Ct. at 964 (Alito J., concurring); *see also United States v. Watson*, 423 U.S. 411, 416 (1976) (recognizing "a strong presumption of constitutionality" to federal statutes challenged on Fourth Amendment grounds). In the Stored Communications Act, including § 2703(d), Congress has enacted legislation controlling government access to historical records of cell-phone providers. When the government seeks historical cell site records using a § 2703(d) order, it complies with this statute.

    d. *The Supreme Court's decision in* Riley *does not affect cell site information.*

In *Riley v. California*, 2014 WL 2864483 (June 25, 2014), the Supreme Court held that a warrant is ordinarily necessary before police officers search a cell phone incident to the cell phone user's arrest. The Court made clear, however, that its decision did not address whether a search subject to probable cause had occurred. To the contrary, the Court cited *Smith* and noted that it did not involve a search under the Fourth Amendment, and it did not suggest that *Smith* or *Miller* was no longer valid. Nor did the Court suggest that a cell phone provider's supplying of historical cell site information constitutes a search requiring a showing of probable cause. Accordingly, the Court's decision has no bearing on this case.

* * *

In sum, as the Fifth Circuit has held, because § 2703(d) "conforms to existing Supreme Court Fourth Amendment precedent," no Fourth Amendment search has occurred. *In re Application*, 724 F.3d at 614-15; *see In the Matter of Application of the U.S.*, 620 F.3d at 313. Accordingly, *Davis* is wrongly decided, and the Magistrate Judges in this district should decline to follow it.

Very truly yours,

MELINDA HAAG
United States Attorney

*/s/ J. Douglas Wilson*

J. DOUGLAS WILSON
Assistant United States Attorney